HUGHES, Judge.
The defendant, Schwegmann Brothers Giant Super Markets, Inc., appeals the amount of an award made to plaintiff, Patricia Yoder, contending that the trial court abused its discretion by making an excessive award. We affirm.
Patricia Yoder sustained a fracture of the right radial head of her elbow when she fell in a Schwegmann’s Super Market on. Veterans Highway in Jefferson on April 12,1978. There was minimal displacement of the fracture fragment. Mrs. Yoder’s physician placed her arm in a long cast and he treated her for some two months after her accident. At the trial of this case, Mrs. Yoder and her husband testified that she was still experiencing limitation in the movement of her arm and that she was unable to fully extend the arm. They also testified concerning the pain and discomfort experienced by Mrs. Yoder between the time of the accident and the date of the trial. Mrs. Yoder’s physician indicated that it was possible that there might be residual disability in the nature of degenerative arthritis. Based on this evidence, the lower court awarded plaintiff-appellee $7,500.00 general damages.
Our review of the medical evidence and the testimony of plaintiff and her husband leads to the conclusion that the record fails to support the contention of the defendant that the trial judge abused his great discretion in assessing the amount of general damages owed. Under Louisiana law it is error for an appellate court to find that the trier of fact abused his discretion *450 simply by comparing previous awards made for medically similar injuries without considering the particular facts and circumstances of each case. Reck v. Stevens, 373 So.2d 498 (La.1979).
The defendant suggests that since Mrs. Yoder did not see a therapist as suggested by her physician, this is indicative of the fact that she was not severely injured. However, Mrs. Yoder is a nurse and she testified that after her cast was removed she began exercising with a 6 pound weight twice a day. It is obvious that she feels that her physical therapy was helpful but she testified that her right arm was still weaker than it had been before. In reference to this, Mrs. Yoder’s husband testified that it was apparent that there were still occasions when her arm was causing her trouble. He indicated that occasionally she would lose her grip and drop something, like a plate.
It is apparent on review of the record that the trial judge accepted the testimony of Mr. and Mrs. Yoder as an accurate and truthful description of the problems that she experienced following her accident. There is no evidence in this record that would lead us to conclude that the trial judge was in error in his assessment of the evidence. Absent any manifest error on the part of the trial court, we are obliged to affirm the factual findings and his assessment of the credibility of witnesses. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
We therefore conclude that the trial judge’s award of $7,500.00 is supported by the record and we are of the opinion that it is not substantially different from previous awards in similar cases. Accordingly, the decision of the trial court is affirmed.
AFFIRMED.